Michael W. Prairie, Esq. (CSB No. 77810)
WORLEY SCHWARTZ GARFIELD & PRAIRIE, LLP
401 "B" Street, Suite 2400
San Diego, CA 92101
(619) 696-3500
Fax (619) 696-3555

Attorney for Defendants
SPARKY'S TRANSMISSION, INC. and
CHRIS BOEVREE TRUST (02-14-91)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPARKY'S TRANSMISSION, INC.;<br>CHRIS BOEVREE TRUST (02-14-91); and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08 CV 453 JLS (JMA)<br><br>**ANSWER OF DEFENDANTS SPARKY'S TRANSMISSION, INC. AND CHRIS BOEVREE TRUST (02-14-91) TO CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants SPARK'S TRANSMISSION, INC.; CHRIS BOEVREE TRUST (02-14-91) and DOES 1 through 10 (collectively, "Defendants") admit, deny, and allege as follows:

1. In answering paragraph 1 of the Complaint, Defendants admit the Court has jurisdiction.

2. In answering paragraph 2 of the Complaint, Defendants admit that venue is proper pursuant to 28 USC § 1391(b) and (c).

3. In answering paragraph 3 of the Complaint, and without admitting any substantive allegations, Defendants admit that supplemental jurisdiction is appropriate at this time pursuant to 28 U.S.C. Section 1367(a) in that the state and federal causes of action Plaintiff has pled in the Complaint are alleged to arise out of the same nucleus of operative facts.

4. In answering paragraph 4 of the Complaint, Defendants admit that Sparky's Transmission is a business organized under the laws of California and located at 8861 La Mesa Boulevard, La Mesa, California ("subject property").

5. In answering paragraph 5 of the Complaint, Defendants admit that the Chris Boevree Trust (02-14-91) is a trust organized under the laws of California and that Defendant Chris Boevree Trust (02-14-91) is the owner, lessor or lessee of the subject property.

6. In answering paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, deny each and every allegation contained therein.

7. In answering paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, deny each and every allegation contained therein.

8. In answering paragraph 8 of the Complaint, Defendants deny that the subject property fails to comply with applicable laws regarding access for disabled persons. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the remaining allegations contained therein.

9. In answering paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, deny each and every allegation contained therein.

10. In answering paragraphs 10 of the Complaint, Defendants deny that the subject property is inaccessible to members of the disabled community. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

11. In answering paragraphs 11 of the Complaint, Defendants deny that people with disabilities are denied full and equal access to the subject property. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

12. In answering paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

13. In answering paragraph 13 of the Complaint, Defendants deny that the subject property is inaccessible to members of the disabled community. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

14. In answering paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, deny each and every allegation contained therein.

15. In answering paragraph 15 of the Complaint, Defendants deny that the subject property precludes Plaintiff full and equal access of the public accommodation. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

16. In answering paragraph 17, Defendants deny that Plaintiff was denied full and equal access to Defendant's goods, services, facilities, privileges, advantages or accommodations. As to the remaining allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

17. In answering paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

18. In answering paragraph 20 of the Complaint, Defendants deny discriminating against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and

enjoyment of subject property.

19. In answering paragraphs 21, 22 and 23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

20. In answering paragraph 25 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

21. In answering paragraph 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

22. In answering paragraph 27 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

23. In answering paragraph 29 of the Complaint, Defendants deny that the subject property is in violation of the disabled access laws of the State of California.

24. In answering paragraph 30 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

25. In answering paragraph 32 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in those paragraphs and, on that basis, deny each and every allegation contained therein.

26. Defendants further specifically deny that Plaintiff is entitled to any relief sought in the Demand for Judgment for Relief.

## FIRST AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff has waived any and all claims he or she may have had against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of

action, Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his or her alleged damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff has failed to state sufficient facts to constitute a cause of action against Defendants upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff's remedies are barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff is estopped to assert any alleged claims or demands against Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff's Complaint is barred by principles of comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff's Complaint is barred by the statute of limitations and doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred as the requested relief would constitute an undue hardship on Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because removal of structural architectural barrier(s) at the subject property, if any, is not readily achievable because removal is not easily accomplishable and able to be carried out without much difficulty.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to exhaust applicable administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient information upon which to form a belief as to whether additional affirmative defenses are available to them. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery or further analysis indicates that other defenses would be available.

**THEREFORE**, Defendants respectfully request judgment herein as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: April 23, 2008

By  s/Michael W. Prairie
Michael W. Prairie
Worley Schwartz Garfield & Prairie
Attorney for Defendants
SPARKY'S TRANSMISSION, INC. and
CHRIS BOEVREE TRUST (02-14-91)
mprairie@wsgplaw.com

Michael W. Prairie (#77810)
Worley Schwartz Garfield & Prairie
401 "B" St., Ste. 2400
San Diego, CA 92101
619-696-3500

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>          Plaintiff,<br>v.<br><br>SPARKY'S TRANSMISSION, INC., et al.<br><br>          Defendants. | CASE NO. 08 CV 453 JLS (JMA)<br><br>**DECLARATION OF SERVICE**<br><br>Person Served:<br><u>Plaintiff Karel Spikes</u><br><br>Date Served: April 23, 2008 |

I, the undersigned, declare under penalty of perjury that I am over the age of 18 years and not a party to this action; that I served the above-named person the following documents:

ANSWER OF DEFENDANTS SPARKY'S TRANSMISSION, INC. AND CHRIS BOEVREE TRUST (02-14-91) TO CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

in the following manner: (check one)

1) _____   By personally delivering copies to the person served.

2) _____   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3) _____   By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) _____   By placing a copy in a separate envelope, with postage fully prepaid, for each address named below, and depositing each in the U.S. Mail at San Diego, California, on April 23, 2008.

5)   X    Electronic filing of the document and the court's Notice of Electronic Filing constitute service of same on all registered-user parties hereto.

<u>Attorney for Plaintiff</u>
Amy B. Vandeveld, Esq.
1850 Fifth Ave.
San Diego, CA 92101
619-231-8883
fax 619-231-8329

Executed on April 23, 2008, at San Diego, California.

_____
Kathy Stanis